# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

LUTHER JOHNSON,        *
       *
     Plaintiff,        *
       *
v.        *     CASE NO. 6:06-CV-47 (WLS)
       *        42 U.S.C. § 1983
BAINBRIDGE PUBLIC SAFETY, et al.,*
       *
     Defendants.        *

## REPORT AND RECOMMENDATION

On July 13, 2006, Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983, complaining that he was assaulted by the remaining Defendants on December 21, 2005[1]. On February 21, 2007, Defendants filed a Motion for Summary Judgment. Plaintiff was notified of his right to respond to said motion, which he did on March 12, 2007.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides, in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c);*

---

[1] Defendant City of Bainbridge was dismissed as a Defendant on October 23, 2006 (R-26).

*Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct.

2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

## DISCUSSION

Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to prevail, the Plaintiff must establish both that the Defendants deprived him some constitutionally prescribed right and that the deprivation occurred under color of state law. *See Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir.1998).

A successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct.

3

1729, 1733, 56 L. Ed. 2d 185 (1978)). The Supreme Court has repeatedly insisted that, "the under-color-of-state-law element of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999) (citations omitted).

At the time of the filing of this complaint, Plaintiff was an inmate at the Decatur County Jail. He filed this civil action pursuant to 42 U.S.C. § 1983, alleging that the Defendant Officers conspired to assault him. Plaintiff further claims that he was illegally incarcerated and was denied medical treatment by the Defendants.

## **Qualified Immunity**

The Defendants claim that they are entitled to qualified immunity as to the allegations made by Plaintiff in this case. (R-37,38). Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Eleventh Circuit Court of Appeals has held that "The qualified immunity inquiry involves three steps: (1) the alleged conduct must fall within the scope of the discretionary authority of the actor; (2) if it does, we must then determine whether that conduct violates a constitutional right; (3) if so, we must inquire whether the asserted right was clearly established at the time of the alleged violation." *Tinker v. Beasley*, 429 F.3d 1324 (11th Cir. 2005); *citing*, *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002).

The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case, should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.* Because Plaintiff alleges that his constitutional rights were violated, his general claims of false arrest, excessive force and denial of medical care will be analyzed to determine if any of Plaintiff's allegations withstand their respective legal standards.

I. **False Arrest**

As to the issue of whether an officer has violated a defendant's Fourth Amendment rights, the Eleventh Circuit has held that:

> In order to be entitled to qualified immunity from a Fourth Amendment claim, an officer need not have actual probable cause but only "**arguable probable cause**," i.e., the facts and circumstances must be such that the officer reasonably could have believed that probable cause existed. *See Williamson v. Mills,* 65 F.3d 155, 158 (11th Cir.1995) ("to enjoy qualified immunity [the officer] need only have had *arguable* probable cause"); *Pickens v. Hollowell,* 59 F.3d 1203, 1206 (11th

5

> Cir.1995) ("the appropriate inquiry for qualified immunity is ⋯ whether there was arguable probable cause"); *Swint,* 51 F.3d at 996 ("[w]hen a law enforcement officer seeks summary judgment on the basis of qualified immunity, we must only ask whether ⋯ there was arguable probable cause"); *Eubanks v. Gerwen,* 40 F.3d 1157, 1160 (11th Cir.1994)("In the case involving a warrantless search and seizure, ⋯ whether qualified immunity ⋯ exist[s] turns upon whether there was 'arguable' probable cause⋯.").
>
> We have repeatedly held that because only arguable probable cause is required, the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed. *See, e.g., Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (holding that secret service officers were entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest [the plaintiff]"); *Eubanks,* 40 F.3d at 1160 (holding that the standard for arguable probable cause is "whether a reasonable officer ⋯ *could* have reasonably believed that probable cause existed⋯."). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter,* 502 U.S. at 227, 112 S.Ct. at 536 (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987)) (internal quotations marks omitted). Thus, the qualified immunity standard is broad enough to cover some "mistaken judgment," and it shields from liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1096-97, 89 L.Ed.2d 271 (1986). (emphasis added).

*Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997).

In the instant case, the Plaintiff has alleged that the Defendants' actions deprived him of his constitutional rights against false arrest and false imprisonment, both of which are guaranteed by the Fourth Amendment. The holding in *Montoute v. Carr*, however, states that

6

as long as the Defendant has some arguable probable cause to arrest the Plaintiff, no constitutional violation can be said to have occurred. "Probable cause" is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof, but more than mere suspicion."*United States v. $364,960.00,* 661 F.2d 319, 323 (5th Cir. Unit B 1981) (quoting *United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 984 (5th Cir.1980)).

In support of their Motion for Summary Judgment, Defendants submitted affidavits wherein they aver that on the date in question, they were notified of a burglary in process at the Oak City Auto store. (R- 40- 44). After proceeding to that location, Defendants Bunting, Pollock, Harrison and Boyette arrived at the scene and saw the Plaintiff inside the location. *Id.* They state that they informed Plaintiff that they were Police, at which time, Plaintiff picked up a vacuum cleaner and threw it through a nearby plate glass window where the Defendants were standing. *Id.* Defendants Bunting and Pollock were hit by flying glass. (R- 40, 41). After repeatedly telling Plaintiff to get to the ground, Defendant Bunting states that he attempted to taser the Plaintiff. (R-40). Defendant Pollock then sprayed Plaintiff with pepper spray. (R- 42). The Plaintiff then ran from the room and directly into Defendant Harrison wherein Defendant Harrison attempted to restrain him. *Id.* As Defendant Bunting attempted to handcuff Plaintiff, Plaintiff continued to struggle. (R- 40). Defendant Pollock then touched Plaintiff's clothing with Defendant Bunting's taser, at which point, Plaintiff kept struggling. *Id.* The officers were able to handcuff Plaintiff, wherein he then stopped struggling. (R- 41). Plaintiff was then taken into custody.

7

Because probable cause is found to have existed in the arrest of Plaintiff Johnson, there can be found no violation of Plaintiff's Fourth Amendment rights.

## II. Excessive Force

As to any claims of excessive force that Plaintiff may have attempted to allege, "[A] prisoner alleging excessive force must demonstrate that the defendant acted 'maliciously and sadistically to cause harm.'" *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.C. 983 (2002); *citing Hudson v. McMilliam,* 503 U.S. 1, 112 S.C. 995, 117 L.Ed.2d 156 (1992); *further citations omitted*. Furthermore, to prevail on an excessive force claim, Plaintiff must prove that the mental state of the defendants was "'purposeful or knowing conduct,'" as opposed to the lesser *mens rea* requirement of deliberate indifference which governs "conditions of confinement claims." *Id*. Any examination of excessive force as used against a prisoner must be examined under the Eighth Amendment.[2] In an Eighth Amendment case, the Plaintiff must show actual injury. *Oliver v. Falla*, 258 F.3d 1277, 1282 (11th Cir. 2001). In *Oliver v. R. Falla*, an excessive force case brought by an inmate, the Court of Appeals upheld the jury finding that Plaintiff Oliver had not suffered a compensable injury. 258 F.3d 1277 (11th Cir. 2001). Oliver testified that he suffered a cut to his left knee and that he suffered neck and back pain. *Id* at 1279. *"[Oliver]*, however, did not present any evidence of visible injuries, medical expenses, or medical testimony confirming his injuries. *Id*. The Defendants in *Oliver* produced photographs taken of the Plaintiff shortly after the alleged assault took

---

[2] *See Hudson v. McMilliam,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), generally.

place, those "photographs showed no discernible injury." *Id*. This circuit has clearly held that "in an Eighth Amendment case, the plaintiff must show actual injury." *Id* at 1282, See *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.C. 995, 117 L.ed.2d 156 (1992). Thus, Plaintiff has failed to prove an physical injury to support his allegation of excessive force.

Subsection (e) of 42 U.S.C. § 1997e states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although the injury sustained does not have to be significant, generally it must be more than de minimis. *Hudson, supra* at 9. A helpful guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)."

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997).

Here, Plaintiff has failed to plead any specific injury. He contends that he suffered neck, back and head injuries, mental anguish, anxiety and stress, but fails to specify any real

9

injury for which medical attention was required. Defendants provided affidavits in which each stated that they used only the force necessary to subdue the Plaintiff, after Plaintiff was repeatedly told to get to the ground and to stop struggling with the Defendants. (R-40-44). In addition, Defendants provided an affidavit and letter signed by Janice Van Kirk, the Jail Commander for the Decatur County Jail. (R- 46). The letter, written to the District Attorney, states that no reference was made regarding any injury sustained by Plaintiff during the initial medical screening upon his entrance to the Jail. (R-46, Exh. 1). The letter goes on the state that after his bond hearing, Plaintiff began to complain of injuries, including heart pain, for which he was taken to the Medical Offices for evaluation. *Id.* Over the next six months, Plaintiff submitted over forty medical complaints regarding head and back injuries. *Id.* Plaintiff was seen numerous times by the Jail's nurses and by two doctors, none of whom saw any need for further treatment. *Id.* The letter submitted with Janice Van Dike's affidavit further establishes that Plaintiff was not denied adequate medical care while at the Decatur County Jail.

Plaintiff has failed to show any evidence of a physical injury, but merely makes vague allegations of injury. Furthermore, Plaintiff has fully failed to provide any evidence to demonstrate that the defendants acted 'maliciously and sadistically to cause harm' in their arrest of Plaintiff. *See Porter*, 534 U.S. at 528 and *Hudson,* 503 U.S. 1. As such, Plaintiff's allegations of excessive force under the Eighth Amendment must fail.

Because the Defendants have established that they had probable cause to arrest the Plaintiff, and Plaintiff has failed to establish that the Defendants maliciously or deliberately

acted with excessive force, causing injury, no violation of the Plaintiff's constitutional rights can be shown. The court finds that, based on the pleadings, affidavits and exhibits, the Plaintiff has failed to show that the Defendants are not entitled to qualified immunity as to any claims of illegal or false arrest or excessive force. The Plaintiff has failed to provide any evidence, other than his own claims, that the Defendants violated any of his rights. As such, Plaintiff has failed to meet the first prong of the qualified immunity standard as set out in *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). As was found in *Saucier v. Katz,* cited *supra,* the Supreme Court held that if no facts are presented which would show that the Plaintiff's constitutional rights were violated "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case. The Plaintiff has failed to prove that any the rights guaranteed to him through the United States Constitution were violated by the Defendants in their arrest of the Plaintiff. Therefore, no more analysis is required. It is recommended, therefore, that the Defendants are entitled to qualified immunity in this case.

### Conspiracy Claim

The Plaintiff has also alleged that the Defendants conspired to deprive him of his constitutional rights. Specifically, the Plaintiff contends that the Defendants conspired to frame, falsely arrest and assault him. Pursuant to prevailing authority, however, the Plaintiff has failed to allege the operative facts of a conspiracy. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984) (citing 2A J. Moore

& J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)). Plaintiff's complaint presents no facts that show that any agreement and concerted action of conspiracy existed between the Defendants. To state a section 1983 conspiracy claim, a plaintiff must establish the supporting, operative facts of the conspiracy. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). (11th Cir. 1984). The mere fact that defendants acted in concert when he was arrested, is not sufficient to show participation in a conspiracy. Thus, it is recommended that the any claim of conspiracy against the Defendants be dismissed.

## **Heck v. Humphrey**

It should also be noted that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff 's complaint fails to provide evidence that any constitutional rights have been violated, but rather, merely makes statements that, if proved, could invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed,

expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

**ACCORDINGLY**, because it appears that Defendants are entitled to judgment as a matter of law as to any claims made against them, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on their behalf be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw